**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| APMC HOTEL MANAGEMENT, LLC, d/b/a ALEXIS PARK RESORT, | 2:09-cv-02100-LDG-RJJ |
| Plaintiff, | |
| v. | **ORDER** |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND; DOE DEFENDANTS 1-10, | |
| Defendant. | |

Plaintiff, APMC Hotel Management ("APMC"), brought an action in state court seeking a declaratory judgment to determine whether Defendant's insurance obligations are capped at $500,000 and whether APMC is entitled to benefits under more than one policy. Defendant, Fidelity and Deposit Company of Maryland ("F&D"), then removed the case to federal court. Plaintiff now petitions for remand (#11, Response #13, Reply #15).

The Declaratory Judgment Act allows district courts to use their discretion when exercising jurisdiction over a lawsuit seeking federal declaratory relief. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998). However, a district court cannot decline to entertain an action as a matter of whim or personal disinclination, but must exercise its discretionary jurisdiction within the factors set out in *Brillhart*. *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002). While the *Brillhart* court did not create a comprehensive

enumeration of the relevant factors that govern a district court's discretion, it did identify the primary factors for consideration. *Dizol*, 133 F.3d at 1225. The district court "should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Id*. Since application of the duplicative litigation factor presumes a parallel state proceeding, there is no presumption in favor of declining or retaining jurisdiction. *See Huth*, 298 F.3d at 803-04. Therefore, the main *Billhart* factors at issue in this case are the determination of state law and forum-shopping factors.

Generally, federal courts should "decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law" when there is an underlying action in state court. *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 798 (9th Cir. 1995). However, the mere absence of a pending state action does not preclude a district court from declining discretionary jurisdiction. *Huth*, 298 F.3d at 802. Insurance law is an area that Congress has expressly left to the states. *See Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998). When a declaratory judgment would involve a purely state law issue, the state court is the preferable forum when there are no other factors that weigh in favor of retaining jurisdiction. *Huth*, 298 F.3d at 804.

District courts should decline jurisdiction when a party is attempting to forum shop by filing a "reactive" declaratory action in federal court. *Dizol*, 133 F.3d at 1225.  A reactive declaratory judgment is one where a party attempts to avoid a state action by filing declaratory relief action in federal court when there is a pendent state action. *Cont'l Cas. Co.*, 947 F.2d at 1372; *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991). A district court should decline jurisdiction when it determines there was a state court proceeding available to the

/ / /

/ / /

2

removing party that could have resolved the issues in the federal court and no other aspect of the action would remain in federal court. *Id.*

On the other hand, district courts should retain jurisdiction when a party files a declaratory action in state court in an effort to avoid mandatory federal jurisdiction. *See United Nat'l Ins. Co. v. R&D Latex Co.*, 242 F.3d 1102, 1114 (9th Cir. 2001). In *R&D Latex*, the plaintiff filed a declaratory action in a situation where normally an aggrieved party would file a breach of contract claim to remedy the breach. *Id.* Although the plaintiff opted to forego any right to monetary remedies, the court in *R&D Latex* found this to be a type of forum shopping under the *Brillhart* factors that weighed in favor of the district court retaining jurisdiction. *Id.* at 1114-15.

APMC and F&D identify *Brillhart's* state law factor as being dispositive in this case because APMC's sole claim for relief turns directly on issues of state law. Under *Huth*, the district courts may decline jurisdiction in light of state law claims when there are no other factors that weigh in favor of retaining jurisdiction. Although the parties are correct that APMC's claim turns directly on issues of state law, forum-shopping concerns weigh in favor of the district court retaining jurisdiction.

Similar to the situation in *R&D Latex*, APMC filed a declaratory action in state court in a situation where an aggrieved party would predictably file a breach of contract claim. Significantly, APMC's complaint alleges that F&D failed to pay the proper amount under the policies, which is akin to an allegation of breach of contract in most cases. Moreover, comparing this action to the situation in *R&D Latex* favors retention of jurisdiction. In *R&D Latex,* the Plaintiff opted to forego any right to monetary remedies; however, in the present case AMPC will seek to eventually recover the remaining sums under the insurance policies. This is the very kind of forum-shopping consideration that the court in *R&D Latex* found weighed in favor of retaining jurisdiction.

/ / /

/ / /

/ / /

3

Based on the foregoing,

THE COURT HEREBY ORDERS that Plaintiff's motion to remand (#11) is DENIED.

DATED this ___ day of June, 2010.

_____
Lloyd D. George
United States District Judge

4