UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| APMC HOTEL MANAGEMENT, LLC, | 2:09-cv-2100-LDG-RJJ |
| Plaintiff, | |
| v. | **ORDER** |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND; DOE DEFENDANTS 1-10, | |
| Defendant. | |

Plaintiff APMC filed this suit seeking an additional $304,128.96 under an employee theft insurance policy.[1] The parties have filed cross-motions for summary judgment (#23 & #28). APMC argues that the policy's definition of "occurrence" is ambiguous and that this ambiguity requires interpretation in APMC's favor. An ambiguity exists when a policy provision is subject to two or more reasonable interpretations, *Grand Hotel Gift Shop v. Granite State Ins. Co.*, 839 P.2d 599, 604 (Nev. 1992), and a court construes ambiguous language in favor of the insured by adopting the interpretation most favorable to the insured, *Am. Home Assur. Co. v. Harvey's Wagon Wheel, Inc.*, 398 F. Supp. 379, 382 (D. Nev. 1975); *see also Kunin v. Benefit Trust Life Ins. Co.*, 910 F.2d 534, 539 (9th Cir. 1990).

---

[1] Even assuming that the court were to accept all of APMC's arguments, however, APMC would not be entitled to recover more than $229,472.27 under the policy. APMC's calculation erroneously disregards the $1,000 per "occurrence" deductible and the $500,000 per "occurrence" limit of insurance.

The policy defines "occurrence" as "all loss caused by, or involving, one or more 'employees', whether the result of a single act or series of acts." APMC argues that this definition of "occurrence" is ambiguous based upon two possible interpretations identified in *Karen Kane, Inc. v. Reliance Ins. Co.*, 202 F.3d 1180 (9th Cir. 2000). *See* Pl.'s Mot. for Summ. J. 9, ECF No. 26. As stated in that opinion: "'Occurrence' could either (1) refer to the entire [employee] conspiracy (as a 'series of acts,' namely, thefts), the position urged by [the insurer]; or (2) refer to each theft within the [employee's] conspiracy (as a 'series of acts,' namely, the multiple steps involved in each theft)." *Id.* at 1185. Here, if "series of acts" refers to "the entire [Lee] conspiracy," then all of Lee's thefts constitute one "occurrence" under the policy. If "series of acts" refers to "the multiple steps involved in each theft," then each of Lee's thefts constitutes a separate "occurrence" under the policy, each subject to a $1,000 deductible. Fidelity has already paid APMC according to the first interpretation. APMC, however, has not directed the court to any evidence that construing "occurrence" according to this second possible interpretation is more favorable to APMC. If the court determines that the definition of "occurrence" is ambiguous because it is subject to the alternative interpretations identified in *Karen Kane*, the court must construe that provision by adopting the interpretation most favorable to the insured. Accordingly,

THE COURT HEREBY ORDERS that, within seven (7) days from the date of this order, APMC file a supplemental brief that demonstrates why construing each of Lee's individual thefts as a separate "occurrence" is more favorable to APMC than construing all of Lee's thefts as one "occurrence." Fidelity may, within seven (7) days of the filing of APMC's supplemental brief, submit a response limited to the issue presented in APMC's supplemental brief. Neither brief may exceed five (5) pages.

THE COURT FURTHER ORDERS that, for case management considerations pending supplemental briefing, Fidelity's motion for summary judgment (#23) and APMC's motion for

2

summary judgment (#28) are DENIED. The court will reinstate the parties' motions sue sponte as appropriate.

DATED this ___18___ day of August, 2011.

_____
Lloyd D. George
United States District Judge